UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MATTHEW BATES,

Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

Defendant.

Case No. 3:13-cv-00236-MMD-VPC

ORDER ADOPTING AND ACCEPTING IN PART REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE VALERIE P. COOK

Before the Court is Magistrate Judge Valerie P. Cooke's Report and Recommendation ("R&R") (dkt. no. 26) regarding Plaintiff Matthew Bates' Motion for Remand and/or Reversal (dkt. no. 18) and Defendant Carolyn W. Colvin's Opposition and Cross-Motion to Affirm (dkt. nos. 23, 24). Plaintiff replied to the Opposition and Cross-Motion (dkt. no. 25). Magistrate Judge Cooke issued the R&R on March 27, 2014, concluding that substantial evidence supports the Administrative Law Judge's ("ALJ") credibility determination. Plaintiff has not filed an objection.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (en banc) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection"). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the R&R without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Cooke's R&R. The R&R finds that the ALJ's decision to uphold the denial of Plaintiff's disability claims was supported by substantial evidence on the record. Specifically, the R&R concludes that Plaintiff's credibility as to the severity of his symptoms is undermined by his non-compliance with medical treatment plans. The R&R thus recommends that the Court deny Plaintiff's Motion for Remand and/or Reversal (dkt. no. 18) and grant Defendant's Opposition and Cross Motion to Affirm. (Dkt. nos. 23, 24.)

Upon reviewing the R&R and the underlying record, the Court agrees that the ALJ's determination is supported by substantial evidence and a correct application of the legal standards. The Court therefore affirms the ALJ's determination. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also* 42 U.S.C. §405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive").

The Court, however, concurs with the ALJ's credibility determination on separate grounds from the R&R. The Court finds that Plaintiff's credibility is undermined not by Plaintiff's non-compliance with his treatment, but instead by the fact that the objective

2

medical evidence combined with Plaintiff's own statements in the record support the ALJ's finding that Plaintiff is capable of performing light work. Plaintiff was examined by a consultative examiner and by a physician in the Disability Determination Service ("DDS"). (AR 35–36.)[1] Both practitioners reinforced the conclusion that Plaintiff's residual functional capacity ("RFC") allows him to perform light work, and their opinions are well supported by other medical evidence in the record. Specifically, other medical opinions indicated that the results from pressure testing of Plaintiff's ankles were within normal limits, that Plaintiff has mild retinopathy, and that Plaintiff's hypertension is controlled with medication. (*Id.* at 35.) Furthermore, Plaintiff stated in the record that his condition is not an everyday struggle despite the unpredictability of his pain, and that he is not taking pain medication "around the clock." (AR at 224.) For these reasons, the ALJ's determination is sustained.

It is hereby ordered that the R&R (dkt. no. 26) is adopted and accepted in part. Plaintiff's Motion to Remand and/or Reverse (dkt. no. 18) is denied and Defendant's Cross-Motion to Affirm (dkt. nos. 23, 24) is granted.

DATED THIS 22nd day of April 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] The administrative record ("AR") was manually filed with the Court in September 2013. (Dkt. no. 11.)